IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:99 - CV 764

| | |
|---|---|
| JEFFREY CLAYTON KANDIES | ) |
| | ) |
| *Petitioner,* | ) |
| | ) |
| vs. | ) |
| | ) |
| MARVIN POLK, Warden, | ) |
| | ) |
| *Respondent.* | ) |
| | ) |

## **MEMORANDUM SUPPORTING**
## **MOTION FOR DISCOVERY UNDER RULE 6**

Rule 6 of the Rules Governing Section 2254 Cases specifically provides for discretionary discovery in habeas corpus proceedings. "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a). The requesting party "must provide reasons" and include any proposed interrogatories and requests for production. Rule 6(b). Thus, the rules contemplate the availability and use of discovery in habeas corpus proceedings. *Harris v. Nelson*, 394 U.S. 286, 299-300 (1969).

Petitioner has moved for leave to conduct limited discovery and attached his proposed interrogatories and request for production of documents. He needs this information to demonstrate the existence and breadth of the violation of his constitutional rights to due

process and equal protection in the selection of his jury. *See Miller-El v. Dretke*, 125 S. Ct. 2317 (2005); *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Batson v. Kentucky*, 476 U.S. 79 (1986). As these decisions make clear, evidence of a prosecutor's motivations and thought processes, as well as his historical approach to jury selection, is relevant to this inquiry. Likewise, information about training practices within a prosecutor's office is also relevant to this inquiry. The answers to the proposed interrogatories and request for production of documents will shed light on this issue.

In this case, the further factual development permitted by discovery is necessary to effectuate the intent of the Supreme Court choosing to remand this case for reconsideration in light of *Miller-El v. Dretke*, and the intent of the Fourth Circuit in ordering remand of this case to this Court. Petitioner's motion to the Fourth Circuit seeking remand to this Court -- a motion granted without qualification by that Court -- specifically highlighted the need for further factual findings and factual development in this Court:

> Remand also is appropriate to permit the district court to assess in the first instance the impact of *Miller-El II* upon the factual record in this case. *Miller-El II* emphasized that "although some false reasons are shown up within the four corners of a given case, sometimes a court may not be sure unless it looks beyond the case at hand." 125 S. Ct. at 2325. A number of factual matters in this case relevant to evaluating the pretextual nature of the prosecutor's use of peremptory challenges have not adequately been considered and should first be addressed by the district court. As Judge Gregory noted in his pre-remand opinion, "the State's assertion that it struck Ms. Rawlinson and Mr. McClure because the High Point Police Department 'indicated they would not be good jurors for this type of case' raises suspicion." 385 F.3d at 476 (Gregory, J., writing separately). The pretextual nature of such an explanation, Judge Gregory explained, turns on factual issues such as

2

whether the prosecution discussed only African American venire members or the police department's assertions were based solely on race, an issue upon which neither the district court nor the state courts have made findings. *Id.* Similarly, no findings have been made regarding the prosecutor's history of racially biased used of peremptory challenges, a factor relied upon by the Court in *Miller-El*, 125 S. Ct. at 2338-39, and raised by the defense at trial when counsel observed that "in my ten years of practice," this prosecutor has never "left a single minority member on the jury that he has picked." [JA 130] Neither the state courts nor the district court gave any consideration to this historical evidence, which both *Miller-El I* and *Miller-El II* considered significant in evaluating a *Batson* claim.

Motion to Remand to the District Court . . ., *Kandies v. Polk*, No. 03-9 (4th Cir. Aug. 3, 2005). Permitting discovery is necessary for the full reconsideration in light of *Miller-El v. Dretke* ordered by the Supreme Court and the Fourth Circuit.

The discovery provisions in Rule 6 give this Court "the power to 'fashion appropriate modes of procedure,' including discovery, to dispose of habeas petitions 'as law and justice require.'" *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 299, 300 (1969)). *Bracy* explained that "where specific allegations before the court show reason to believe that petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities for an adequate inquiry." *Bracy*, 520 U.S. at 908-09; *see also United States v. Roane*, 378 F.3d 382, 402-03 (4th Cir. 2004) (upholding district court's ruling granting discovery in part and denying in part). A habeas court abuses its discretion by denying a petitioner's request for discovery "if discovery is indispensable to a fair, rounded,

3

development of the material facts." *Toney v. Gammon*, 79 F.3d 693, 700 (8th Cir. 1996). "Denial of discovery is an abuse of discretion when the discovery is necessary to fully develop the facts of a claim." *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995).

For example, a petitioner claimed his trial counsel was ineffective. He sought discovery in federal court to obtain materials necessary to show what his counsel failed to do. The district court denied discovery, but the Ninth Circuit reversed. This requested "discovery is essential for [petitioner] to develop fully his ineffective assistance of counsel claim." *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997). Petitioner needs materials exclusively in the control of Respondent, to which undersigned counsel have never had access, in order to litigate fully the legitimacy of the state court's determination that the prosecutors did not discriminate in the use of peremptory challenges during jury selection. As the litigation in *Miller-El* confirms, the mental predispositions, thought processes, training and experience, and past practices of prosecutors are relevant to this inquiry. Undersigned counsel never been afforded the opportunity to have access to this information. Without it, it is impossible for Petitioner to develop fully his constitutional claim. Thus, he can show good cause for the requested discovery.

As *Bracy* explained, Petitioner need not show that he will necessarily prevail on this claim to be entitled to discovery. He need only show "good cause" to be allowed to engage in discovery. 520 U.S. at 909. Given the statistical evidence raising at least a strong inference of racial discrimination in the use of peremptory challenges, the suggestion of a

4

history of discrimination in the trial of this case, and the indication that North Carolina has not correctly adhered to the proper guideposts in adjudicating *Batson* claims, as indicated by the remand in this case, Petitioner has made a showing sufficient to entitle him to engage in the limited, requested discovery pursuant to Rule 6.

WHEREFORE, Jeffrey Clayton Kandies respectfully requests that he be granted the opportunity to engage in the requested discovery accompanying his Motion for Discovery Pursuant to Rule 6.

RESPECTFULLY submitted this the 7th day of December, 2005.

/s/ Matt Stiegler
Matt Stiegler, Staff Attorney
N.C. Bar #28103
Center For Death Penalty Litigation
201 West Main Street, Suite 301
Durham, North Carolina 27701

M. Gordon Widenhouse, Jr., NCSB 10197
312 West Franklin Street
Chapel Hill, North Carolina 27516
Telephone: 919-967-4900
Telefax:   919-967-4953

# CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Steven M. Arbogast, Special Deputy Attorney General, State of North Carolina.

Respectfully Submitted,

 /s/ Matt Stiegler
Matt Stiegler,  Staff Attorney
N.C. Bar #28103
Center For Death Penalty Litigation
201 West Main Street, Suite 301
Durham, North Carolina 27701