IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:99-CV-00764

| | |
|---|---|
| **JEFFREY CLAYTON KANDIES,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| **GERALD BRANKER, Warden,** | ) |
| | ) |
| Respondent. | ) |

_____

## MOTION TO STAY AND FOR ABEYANCE
## OF FEDERAL PROCEEDINGS

NOW COMES, Jeffrey Clayton Kandies, by and through his undersigned counsel, and moves this Court to stay and place in abeyance this federal habeas corpus proceeding pending his further exhaustion of state remedies with regard to evidence developed since the conclusion of state court proceedings that has not yet been considered by the state courts. In support of this motion, Mr. Kandies shows the following:

1. Mr. Kandies is a death-sentenced North Carolina prisoner who is seeking habeas corpus relief from his conviction and sentence.

2. Mr. Kandies' conviction became final when the Supreme Court of the United States denied his petition for writ of *certiorari* on 7 October 1996. *Kandies v. North Carolina*, 519 U.S. 894 (1996).

3. One of the federal constitutional claims, which he raised at trial and pursued on direct appeal in the state supreme court, involved the discriminatory use of peremptory challenges by the prosecution in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). *See State v. Kandies*, 342 N.C. 419, 467 S.E.2d 67, *cert. denied*, 519 U.S. 894 (1996).

4. Mr. Kandies sought state court collateral review of his conviction by filing a motion for appropriate relief that was denied by the state trial court on 8 May 1998 and an amended MAR was denied on 29 April 1999. The Supreme Court of North Carolina denied review on 19 August 1999.

5. On 7 October 1999, Mr. Kandies re-filed a petition for writ of habeas corpus in this Court. [DE 8] The writ was denied. [DE 25] Although the ruling was affirmed by the United States Court of Appeals for the Fourth Circuit, the United States Supreme Court vacated and remanded for reconsideration. *Kandies v. Polk*, 545 U.S. 1137(2005), *vacating and remanding*, *Kandies v. Polk*, 385 F.3d 457 (4th Cir. 2004). The Fourth Circuit then remanded to this Court. [DE 43]

6. This Court granted Mr. Kandies' motion for limited discovery regarding the criminal record checks done on the jury venire and the prosecutor's use of peremptory challenges on 2 October 2006. [DE 63] Pursuant to this Court's Order, Mr. Kandies engaged in this discovery. On 20 December 2007, this Court ordered additional discovery on these issues. [DE 79] Mr. Kandies engaged in this discovery. Respondent moved to expand the record. [DE 83, 95] These motions were granted. [DE 101]

7. Mr. Kandies filed a brief on remand from the Supreme Court of the United States on 8 September 2010. [DE 117] This brief included numerous affidavits and materials containing information not available to Mr. Kandies at the time of his trial or direct appeal, including information gathered pursuant to the Racial Justice Act, which was not passed until 2009.

8. The magistrate judge again recommended that the petition be denied. [DE 124] Mr. Kandies filed objections to the recommended ruling. [DE 129] Respondent replied to the objections and argued, in part, this Court could not consider any of the facts discovered and developed after the state court proceedings in light of *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). [DE 130]

9. This Court conducted a status conference on 15 January 2013. It ordered the parties to file supplemental briefs regarding the applicability of *Pinholster* by 5 March 2013.

10. After conducting additional research and analysis, Mr. Kandies believes the most appropriate course of action is for this Court to stay these proceedings and hold the matter in abeyance while he pursues a second motion for appropriate relief in state court to allow the state courts to consider the evidence gathered through the discovery granted by this Court, through the investigation and litigation that has occurred under the Racial Justice Act, and other information now available to him that he could not have obtained during the state court proceedings in his case. *See Gonzalez v. Wong*, 667 F.3d 965, 977-80 (2011).

11. In this case, abeyance is proper under *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (where good cause exists for failure to exhaust state remedies of potentially meritorious claims, federal court should stay rather than dismiss petition); *see, e.g., Gonzalez v. Wong*, 667 F.3d 965, 977-80 (2011) (remand directing district court to stay habeas proceeding pending state court consideration of new evidence); *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998) (federal courts should not "discourage petitioners from exhausting all their claims in state court"); *see also Elmore v. Ozmint*, 661 F.3d 783, 845-49 (4th Cir. 2011) (circuit court grants stay and holds proceedings in abeyance to allow petitioner to exhaust his claim under *Atkins v. Virginia*, 536 U.S. 304 (2002) in state court). *Rhines* confirmed the proper approach for a district court to take when it is presented with a mixed petition: it should hold the federal proceedings in abeyance while the

petitioner exhausts available state court remedies. *Rhines* held it would likely be "an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if (1) the petitioner had good cause for his failure to exhaust, (2) his exhausted claims are potentially meritorious, and (3) there is no indication that the petition engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 1535.

12. First, Mr. Kandies has good cause for not having availed himself of state court remedies because the state has consistently resisted his efforts to gather this evidence. For example, with regard to the prior criminal records of prospective jurors, and without repeating the arguments and evidence previously made to this Court, Mr. Kandies moved for discovery of this information before his capital trial. The motion was denied. He renewed the motion three times during the jury selection process. The renewed motions were denied. He raised the issue in his direct appeal. It was again rebuffed because the disclosure was not required under the state discovery statute in effect at the time of his trial. *State v. Kandies*, 342 N.C. at 437-48, 467 S.E.2d at 76-77. He was then afforded neither discovery nor an evidentiary hearing in his state post-conviction proceedings. As was shown in his brief on remand, filed on 8 September 2010, [DE 117], the evidence concerning the prior criminal records of prospective jurors supports his claim.

13. Secondly, the claim he has attempted to present in state court and in this court is, at a minimum, "potentially meritorious" as required by *Rhines*. The prosecutor used a disproportionate number of his peremptory strikes to remove virtually all of the eligible African American prospective jurors (nine of 12 or 75%) from the venire. Mr. Kandies asserted in the trial court that the prosecutor had a history of excluding African American from his juries. Mr. Kandies was denied information about the criminal records of prospective African American jurors, despite the prosecutor asserting the criminal histories of some of these people as the purportedly race-neutral reason for his peremptory challenges. Through the discovery granted by this Court, Mr. Kandies has learned these explanations were without any factual basis. If the prosecutor's articulated reasons for his strikes were false, then the challenges likely were unconstitutional, in which case the rejection of the *Batson* claim by the state court would be patently an unreasonable application of federal law.

14. Third, Mr. Kandies has timely filed all pleadings and conducted all discovery within the time frames established by statute and court rules. His *Batson* claim has been in no way waived or defaulted. His claim has been raised and resolved, albeit arguably improperly, in both the state and federal courts. Indeed, it was the basis of the remand from the Supreme Court to the Fourth Circuit and then from the Fourth Circuit to this Court. He has not engaged in any dilatory tactics.

15. Fourth, staying the federal proceedings in this matter will conserve judicial resources, as the state court proceedings may obviate the need for any further proceedings in federal court. Mr. Kandies is entitled to file a second motion for appropriate relief if it is "[b]ased on a factual predicate that could not have been discovered through the exercise of reasonable diligence in time to present the claim on a previous State or federal postconviction review." N.C. Gen. Stat. §15A-1419(c)(3). Mr. Kandies could not have developed this factual predicate in state court. First, he tried to get the information about the criminal records of prospective jurors. It was refused. Second, he was not afforded discovery or an evidentiary hearing in his state post-conviction proceeding. Third, the information he gathered through the discovery granted by this Court was unavailable to him in state court. Fourth, the Racial Justice Act, which spawned a comprehensive study of the use of peremptory challenges by North Carolina prosecutors, was not even passed until Mr. Kandies had been denied a writ of habeas corpus by this Court and the matter had been remanded by the Supreme Court for reconsideration.

16. Even if *Pinholster* precludes this Court from considering this new information, which Mr. Kandies does not concede, he should be provided an opportunity to present the evidence to the state court since there is a procedural mechanism to do so. It would be the height of arbitrariness to apply *Pinholster* to bar this consideration when the information that has been gathered now indicates

7

that the prosecutor in this case both (1) misrepresented the factual basis for his purported race-neutral reason for striking otherwise eligible African American prospective jurors and (2) actively violated the dictates of *Batson* and its progeny. *See Kandies v. Polk*, 385 F.3d 476, 478 (Gregory, J.) (expressing "serious doubts regarding the 'race neutral' reasons proffered by the State" and that these reasons "raise[d] suspicion"). Pursuant to this Court's directive to avoid needless repetition of matters previously presented, Mr. Kandies directs attention to his objections to the memorandum and recommendation [DE 129] in which he outlines in detail the pertinent evidence and explains its relevance to the *Batson* issue.

17. The analysis in *Gonzalez v. Wong* is instructive and compelling. In *Gonzalez*, the death-sentenced defendant learned only after his state proceedings had concluded in 1990, and while he was pursuing habeas corpus relief in federal court, that helpful psychological reports existed. In fact, these reports were in the hands of the state but were not disclosed to him, potentially violating *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. The state claimed these materials could not be considered by the federal court under *Pinholster*. The Ninth Circuit agreed. 667 F.3d at 972. However, "[b]ecause it appears to us that those materials strengthen Gonzales's *Brady* claim to the point that his argument would be potentially meritorious–that is, that a reasonable state court might be persuaded to grant relief on that claim–it is not appropriate for us to ignore those materials." *Id*.

Therefore, the circuit court remanded the matter "to the district court with instructions to stay the proceeding in order to give Gonzales an opportunity to return to state court and present his claim with the benefit of the materials that were not available and not part of the record at the time of the [state court] decision." *Id*. This process comported with the intent of the habeas corpus statute as noted in *Pinholster* by channeling claims through the state courts in the first instance. *Id*. So it is here.

18. Like the petitioner in *Gonzalez*, Mr. Kandies raised his *Batson* objections at trial and on direct appeal. He timely sought discovery of the criminal record checks of prospective jurors that were in the hands of the prosecutor and formed the alleged basis for his peremptory strikes against some otherwise qualified African American prospective jurors. He made a showing of the prosecutor's historical discriminatory practices in jury selection. He did this to no avail. After proceeding in federal court seeking a writ of habeas corpus, he finally obtained discovery tools. Using these tools, as well as new information generated and gathered under the Racial Justice Act, he learned, only after his state proceedings had concluded in 1996, that helpful and compelling information existed about the discriminatory practices of the prosecutor in Mr. Kandies' own case, as well as in other capital cases tried by the same prosecutor. Likewise, as in *Gonzalez*, respondent is claiming this Court cannot consider these materials under

9

*Pinholster*. But, as this Court observed during the recent status conference in this case, *Pinholster* does not eviscerate discovery in federal habeas corpus. Mr. Kandies has been afforded and has engaged in discovery. Through it, he has developed helpful information pertinent to the *Batson* claim. Since these materials, as well as the new evidence developed under the Racial Justice Act, strengthen Mr. Kandies' *Batson* claim such that a reasonable state court might be persuaded to grant him relief, this Court should not "ignore those materials." *Gonzalez*, 667 F.3d at 972. As in *Gonzalez*, this Court should stay the proceeding in order to give Mr. Kandies an opportunity to return to state court, which he can do under N.C. Gen. Stat. § 15A-1411 *et seq.*, and present his claim with the benefit of the materials that were not available and not part of the record at the time of the state court proceedings in his case.

19. Mr. Kandies requests that a stay be granted, allowing him to file a second motion for appropriate relief within thirty (30) days of the order granting the stay. Once the second motion for appropriate relief is filed, the parties should file periodic status reports with this Court regarding the state court proceedings.

WHEREFORE, Jeffrey Clayton Kandies requests this Court issue an order holding this federal habeas corpus proceeding in abeyance pending exhaustion of state remedies regarding the new evidence relevant to his *Batson* claim and requiring the parties to report jointly the status of the state-court proceedings

within sixty (60) days from the date of this Order and every sixty (60) days thereafter.

This the 1st day of March, 2013.

/s/ M. Gordon Widenhouse, Jr.
M. Gordon Widenhouse, Jr.
N.C. Bar #10107
312 West Franklin Street
Chapel Hill, North Carolina 27516
Telephone: (919) 967-4900
Telefax:  (919) 967-4953


/s/ Shelagh Rebecca Kenney
Shelagh Rebecca Kenney
N.C. Bar #28202
Center for Death Penalty Litigation
201 West Main Street, Suite 301
Durham, North Carolina 27701
Telephone:  (919) 956-9545
Telefax:  (919) 956-9547

# CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Danielle Marquis Elder, Special Deputy Attorney General, at dmarquis@ncdoj.gov, and Mary Carla Hollis, Assistant Attorney General at, mchollis@ncdoj.gov.

Respectfully Submitted,

/s/ Shelagh Rebecca Kenney
Shelagh Rebecca Kenney
N.C. Bar #28202
Center for Death Penalty Litigation
201 West Main Street, Suite 301
Durham, North Carolina 27701
Telephone: (919) 956-9545
Telefax: (919) 956-9547