IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JEFFREY CLAYTON KANDIES ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | FILE NO. 1:99CV00764 |
| ) | |
| KEITH LASSITER, Warden, ) | |
| Central Prison ) | |
| Raleigh, North Carolina, ) | |
| ) | |
| Respondent. ) | |

_____

RESPONSE TO PETITIONER'S MOTION
TO STAY AND HOLD IN ABEYANCE
PETITIONER'S PETITION FOR WRIT
OF HABEAS CORPUS
Fed. R. Civ. P. 72

_____

NOW COMES THE RESPONDENT, by and through his undersigned counsel, to make the following Response in Opposition to the Petitioner's Motion to Stay and Hold in Abeyance his Petition for Writ of Habeas Corpus (Docket Entry No. 59), which was filed on March 1, 2013. Petitioner does not present any circumstances sufficient for this Court to allow his Motion for Stay and Abeyance, and therefore, the Motion should be denied. In support of this Response, Respondent presents the following:

## Statement of the Case and Pertinent Facts

Respondent dispenses with a full recitation of the long and tortured procedural history of the present case. Briefly, Petitioner was convicted of the first-degree murder and first-degree rape of four-year-old Natalie Osborne. Petitioner was sentenced to death, and the North Carolina Supreme Court affirmed Petitioner's conviction and sentence. See State v. Kandies, 342 N.C. 419, 467 S.E.2d 67, cert. denied, 519 U.S. 894 (1996). Petitioner's case proceeded through state and federal post-conviction review. The United States Supreme Court granted Petitioner's certiorari petition filed in that court following state and federal post-conviction review, and remanded the case to the United States Court of Appeals for the Fourth Circuit for consideration in light of Miller-El v. Dretke, 545 U.S. 231 (2005) (Miller-El II), which further remanded the case to this Court. See Kandies v. Polk, 545 U.S. 1137 (2005). The Magistrate Judge allowed the parties to supplement the case record with evidence that was not submitted to the state court; considered that evidence; and on April 5, 2011, issued a Recommendation that Petitioner's petition for writ of habeas corpus be denied. (Docket No. 124) One day prior to the issuance of the Recommendation, but apparently not in time to inform the Magistrate Judge's decision, the United States Supreme Court held in Cullen v. Pinholster, __ U.S. __, __, 131 S. Ct. 1388, 1398 (2011), that federal habeas review "is limited to the record that was before the state court that adjudicated the claim on the merits." Petitioner has objected to the Magistrate Judge's Recommendation, and Respondent has

responded to those Objections. The Court has requested that the parties file supplemental briefing concerning the effects of Pinholster on the present case. Respondent filed his brief on March 5, 2013.

While Petitioner's habeas action was pending in federal court, on August 11, 2009, the North Carolina General Assembly enacted N.C.G.S. §§ 15A-2010 through -2012, i.e., the Racial Justice Act (original RJA). See Act of Aug. 11, 2009, 2009 N.C. Sess. Laws 464 (codified as N.C.G.S. §§ 15A-2010 to -2012) (amended & repealed in part July 2, 2012).

Petitioner filed a second MAR on or about August 4, 2010 in Superior Court, Randolph County, this time seeking relief under the original RJA. (RJA MAR) In addition to claims brought pursuant to the RJA, Petitioner sought relief pursuant to the federal and North Carolina Constitutions.

Effective July 2, 2012, the North Carolina General Assembly amended the RJA (ARJA). Act of July 2, 2012, 2012 N.C. Sess. Law 136 (amending N.C.G.S. § 15A-2011 & repealing N.C.G.S. § 15A-2012). The amendment, among other things, clarified the scope of the RJA, confining it to the granting of relief only in cases where a North Carolina death row defendant proves race is a "significant factor" in "the defendant's case"; required that as a condition for filing a defendant must knowingly and voluntarily waive objection to receiving a life sentence as relief; declared that statistical evidence alone was not sufficient for meeting the burden of proof; and clarified that the ARJA does not in any way affect the procedures for filing

MARs, "including the deadlines and grounds upon which a motion may be filed." Id. Like the original RJA, the ARJA in no way allowed for the bringing of federal constitutional claims.

On or about August 28, 2012, Petitioner filed an Amended MAR pursuant to the ARJA (ARJA AMAR) in North Carolina Superior Court, Randolph County. In his AMAR, Petitioner brought claims under the ARJA, as well as federal and state constitutional claims. Both Petitioner's MAR based upon the original RJA and his AMAR based upon the ARJA remain pending in Superior Court.

On March 1, 2013, Petitioner filed a Motion to Stay and Hold in Abeyance his Petition for Writ of Habeas Corpus in this Court. Petitioner is asking the Court to stay and abey this proceeding to allow Petitioner to file a third MAR[1] in North Carolina Superior Court based upon evidence gathered in furtherance of his RJA MAR proceeding, as well as evidence allegedly recovered through the discovery granted by this Court. Namely, Petitioner claims that through recent discovery he uncovered evidence allegedly indicating that the prosecution's strikes of some prospective jurors, for which he cited as the basis the jurors' criminal histories, was ground in false information; historical evidence allegedly supporting his contention that the prosecutor in his case had a pattern of striking African-American jurors; and

---

[1] Petitioner argues that he is seeking to file a second MAR in North Carolina Superior Court. Technically, this would be Petitioner's third MAR, being that his second MAR is the one he filed pursuant to the RJA.

- 4 -

statistical evidence allegedly proving racial discrimination in jury selection.

## Argument

This Court should deny Petitioner's Motion to Stay and Abey his § 2254 proceeding. As noted above, Petitioner requests a stay of this proceeding, which has been pending in federal court since 1999, to allow him to return to state court and file a third MAR reraising a claim under <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), that was previously adjudicated on the merits by the North Carolina Supreme Court, <u>see</u> <u>Kandies</u>, 342 N.C. at 434-37, 467 S.E.2d at 75-76, and/or raising other federal constitutional claims alleging racial discrimination in his trial.[2]

Despite Petitioner's argument to the contrary, it would be a complete waste of judicial resources to grant his Motion to Stay. Simply stated, Petitioner is not entitled to a stay, nor has he alleged anything supporting his argument to the contrary. This is because, first and foremost, for the reasons stated in Respondent's Supplemental Brief filed March 5, 2013, Petitioner is precluded from relying on <u>any</u> of the evidence uncovered via the discovery granted by this Court in accordance with the United States Supreme Court's holding in <u>Cullen v. Pinholster</u>, __ U.S. __, 131 S. Ct. 1388. (<u>See</u> Docket No. 141) Second, to the extent Petitioner will raise a new claim alleging racial discrimination, or will somehow raise a new <u>Batson</u> claim, in his soon-to-be-filed successive MAR, those claims will be procedurally defaulted for the purposes

---

[2]It is not entirely clear the exact contours of the claim or claims Petitioner intends to raise in his third MAR.

- 5 -

of this Court's review if he later attempts to raise the claims in this Court. The North Carolina Superior Court will find the successive MAR procedurally barred by North Carolina's mandatory, and adequate and independent, procedural bar statute, N.C.G.S. §§ 15A-1419(a)(1), (a)(3), and (b). See N.C.G.S. §§ 15A-1419(a)(1), (a)(3), & (b) (2011) (providing that claim shall be denied when defendant in adequate position to have raised it on appeal or in a prior MAR but did not do so, absent cause and prejudice or fundamental miscarriage of justice, i.e., actual innocence); see also Rose v. Lee, 252 F.3d 676 (4th Cir.) (North Carolina's post-conviction procedural bar statute of section 15A-1419 is now mandatory), cert. denied, 534 U.S. 941 (2001); Sharpe v. Bell, 593 F.3d 372, 377 (2010) (providing that section 15A-1419(a)(1) and (a)(3) are independent and adequate state procedural bars); Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir.) (same), cert. denied, 555 U.S. 868 (2008). The new claims will therefore be procedurally defaulted for the purposes of federal habeas review, if Petitioner attempts to later raise them in this proceeding. See Nickerson v. Lee, 971 F.2d 1125, 1127 (4th Cir. 1992) ("A federal court may not address the merits of a habeas petition when the state court's denial of a petition for collateral relief rested on [an] independent and adequate state law ground of procedural default."), cert. denied, 507 U.S. 923 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

In arguing that there is good cause to stay the § 2254 proceeding, Petitioner cites to several cases he claims supports his argument, most notably, Rhines v.

- 6 -

Case 1:99-cv-00764-WO-JLW   Document 142   Filed 03/11/13   Page 6 of 19

Weber, 544 U.S. 269 (2005) and Gonzalez v. Wong, 667 F.3d 965 (9th Cir. 2011). Neither of these cases, nor any other that Petitioner cites, actually supports his arguments. In Rhines, the United States Supreme Court held that where a habeas petition contains both exhausted and unexhausted claims, commonly referred to as a mixed petition, good cause exist for the failure to exhaust, the claim plainly has merit, and petitioner did not engage in "intentionally dilatory litigation tactics," the federal court should stay the habeas proceeding rather than dismiss it. 553 U.S. at 1535. Rhines is clearly inapplicable in the present proceeding. Petitioner's petition is not a mixed petition. At this point, only one of Petitioner's claims is before the Court, that being a Batson claim which has been fully exhausted in state court. Moreover, any new claim would be procedurally defaulted for the reasons noted above. And, for the reasons cited by the Magistrate Judge in his Recommendation, even considering the evidence gathered during Petitioner's federal habeas proceeding, Petitioner's Batson claim is meritless. (Docket No. 124) As such, Rhines does not inform this Court's decision here.³

---

³It should also be noted that Rhines established an exception to what was the previous general rule that § 2254 petitions with unexhausted claims should be dismissed without prejudice to allow the habeas petitioner to return to state court. 544 U.S. at 273. The general rule to dismiss was established prior to the 1996 enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), which contained a strict one-year deadline for filing § 2254 petitions. See 28 U.S.C. § 2244. With such a strict deadline, dismissing certain § 2254 petitions as nonexhausted would mean that the § 2254 petitions would be barred by the statute of limitations upon being refiled. Thus, as a matter of fairness, the Court in Rhines allowed for stays, rather than dismissal, under certain instances. Id. at 267. Of course, these type

Neither does the Ninth Circuit's decision in Gonzalez. Therein, the circuit court concluded that the case should be stayed while the petitioner therein returned to state court to submit new evidence uncovered by the petitioner while his habeas petition was pending in federal court. Gonzalez, 667 F.3d at 972. The evidence was not previously discoverable. The court stayed the proceeding even though, pursuant to Pinholster, it could not consider the new evidence. The Ninth Circuit concluded that the stay was proper because the materials uncovered strengthened the petitioner's claim such that it potentially had merit. Id.

Gonzalez provides no support for Petitioner's argument. The case was decided by the Ninth Circuit, and thus, this Court is not bound by the decision. Also, unlike the evidence in Gonzalez, the evidence Petitioner relies upon supports the claims he intends to raise and/or reraise in state court could have been uncovered and presented in state court long before this Court granted discovery in the habeas action. See discussion infra. Accordingly, Gonzalez, like Rhines, does not support Petitioner's argument that he is entitled to a stay.

In addition, and equally as important, Petitioner is clearly barred from seeking further relief in North Carolina state court, other than pursuing claims under the RJA. North Carolina defendants are barred from filing successive MARs where in a previous motion or on direct appeal, the grounds for relief in the successive motion have already been adjudicated, or defendants had an opportunity to raise the

---

of concerns are not at issue in Petitioner's case because it is not subject to dismissal.

ground(s) previously but did not. N.C.G.S. § 15A-1419(a)(1-3). The procedural bars in N.C.G.S. § 15A-1419 are mandatory. Id.; Rose, 252 F.3d 676. Thus, the North Carolina Superior Court must deny successive MARs.

If, however, a defendant can demonstrate good cause to excuse the above-noted procedural bars and can demonstrate actual prejudice, or the failure to consider the defendants' claim will result in a miscarriage of justice, the Superior Court cannot bar the successive MAR. N.C.G.S. § 15A-1419(b). Defendants show good cause only where they establish by a preponderance of evidence that their "failure to raise the claim . . .[was b]ased on a factual predicate that could not have been discovered through the exercise of reasonable diligence in time to present the claim on a previous State or federal postconviction review." N.C.G.S. § 15A-1419(c)(3).

"Good cause" is not shown when the factual or legal basis for a claim was reasonably available to counsel at the time it should have been raised. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Cause" is not shown when competent counsel could have raised a claim earlier but did not. Id. at 488. The mere fact that competent counsel failed to recognize the factual or legal basis for the claim, or failed to raise the claim despite recognizing it does not constitute good cause to excuse the default. Id. Thus, when the factual or legal basis for the claim was reasonably known to counsel at the time it should have been raised, the defendant fails to show "good cause."

Any new MAR Petitioner files in North Carolina Superior Court reraising his Batson claim would clearly be barred by N.C.G.S. § 15A-1419(a)(2) because the claim was previously adjudicated by the North Carolina Supreme Court on direct review. To the extent that Petitioner would raise a non-Batson federal constitutional claim alleging racial discrimination in his trial, see McCleksey v. Kemp, 481 U.S. 279 (1987) (rejecting constitutional claim of racial discrimination based upon race-of-defendant and race-of-victim effects), such claims would also be barred because Petitioner had an opportunity to, but did not, raise the claims on direct review. See N.C.G.S. § 15A-1419(a)(3). Notably, Petitioner has already raised these claims and presented much, if not all, of the evidence he claims he will present in a third MAR in his RJA MAR and ARJA AMAR, which are still pending in North Carolina Superior Court. Notably, the federal constitutional claims in Petitioner's RJA MAR and ARJA AMAR are procedurally barred pursuant to N.C.G.S. § 15A-1419(a).

Petitioner argues that he has good cause to seek further relief of his conviction via a successive MAR filed in state court. Petitioner contends that this is because the factual predicate for the claims he intends to reraise or raise in the successive MAR could not have been discovered through the exercise of reasonable diligence prior to the passing of the RJA or the granting of discovery in this Court. As such, Petitioner contends, he could not have submitted additional evidentiary support for the already

- 10 -

Case 1:99-cv-00764-WO-JLW   Document 142   Filed 03/11/13   Page 10 of 19

raised and adjudicated Batson claim previously. Petitioner attempts to support his contention with several arguments, none of which have merit. First, Petitioner argues that he could not have previously developed the factual predicate he intends to present in reraising his Batson claim or federal constitutional discrimination claim in his third MAR because the state courts have continually refused his requests in attempting to uncover that factual predicate supporting his Batson claim. Specifically, Petitioner notes that he repeatedly sought criminal records for prospective jurors during the jury selection at this trial, but the trial court refused his requests. Petitioner alleges that he discovered the prospective jurors' criminal records only after this Court granted him discovery. Petitioner also notes that he asserted during jury selection that the prosecutor had a history of excluding African-Americans from juries, and he has presented in this Court evidence he alleges supports that assertion. In addition to contending that the North Carolina trial court denied Petitioner access to prospective jurors' criminal records, Petitioner notes that he was never given an evidentiary hearing or granted discovery during his post-conviction proceedings. Petitioner argues that the evidence uncovered through discovery in this Court and pursuant to the RJA filings was not previously available to him in state court.

Despite Petitioner's arguments to the contrary, there is not good cause to

excuse the state-court procedural bar of what will be his third MAR. See N.C.G.S. § 15A-1419(c)(3). As noted supra, Petitioner indicates that the so-called new evidence was uncovered after the passing of the RJA and the grant of discovery by this Court. Regarding the passing of the RJA and whether it provides good cause to excuse a state procedural bar of claims, the issue is not whether subsequent legal events made the claim easier to raise, the issue is whether at the time of the default the claim was available at all. Smith v. Murray, 477 U.S. at 537 Only where a claim is so novel that no tools were available to raise it earlier is cause for failing to raise a claim earlier shown. Reed v. Ross, 468 U.S. 1 (1984).

Here, the same federal and constitutional claims of alleged racial disparity which Petitioner apparently intends to raise in a third MAR were available to be raised on direct appeal. These claims were far from novel as these same claims have been litigated for over two decades. See McCleksey v. Kemp, 481 U.S. 279 (rejecting constitutional claim of racial discrimination based upon race-of-defendant and race-of-victim effects). Claims of racial discrimination were available long before the passing of RJA.

Similarly, Petitioner's contention that the evidence he intends to present in his third MAR was only available after the passing of the RJA and this Court's grant of discovery is incorrect. The prospective jurors' criminal records and any allegedly

historical evidence of racial discrimination on the part of the State were available prior to this Court's grant of discovery and the passing of the RJA. Moreover, the North Carolina state courts did not prevent Petitioner from pursuing or presenting any of the above-noted information in state court. What Petitioner sought from the trial court during jury selection was, specifically, the criminal records in the State's possession. See Kandies, 342 N.C. at 437-38, 467 S.E.2d at 76-77. The North Carolina Superior Court did deny Petitioner's request for disclosure of criminal records possessed by the State that the prosecution used to challenge certain potential jurors. However, as found by the North Carolina Supreme Court in the present case, the Superior Court's denial of Petitioner's request was proper under North Carolina statutory law.[4] See State v. Kandies, 342 N.C. at 437-38, 467 S.E.2d at 77.

Also, there is nothing to indicate that Petitioner could not have obtained the perspective jurors' criminal records prior to the time this Court ordered discovery. Materials submitted by Petitioner establish that a paralegal for the Center for Death Penalty Litigation, who has been providing assistance to one of Petitioner's attorneys,

---

[4]As noted by the Magistrate Judge in his Recommendation, the records that were in the State's possession no longer exist, and there is no evidence of bad faith on the part of the State. (Docket No. 124 at 17-18) Those records cannot therefore be used to establish discriminatory intent in the use of peremptory strikes in Petitioner's case.

- 13 -

used a North Carolina Administrative Office of the Courts database to locate the criminal records. (Docket No. 117, Ex. 4) According to the paralegal, she had used the database for the past nine years to perform criminal record searches. (Id.) It appears that the criminal records were thus available long before this Court ordered discovery.

The same could be said for Petitioner's so-called historical evidence of racial discrimination on the part of the prosecutor in Petitioner's case. As noted by the Magistrate Judge in his Recommendation, if there was such historical evidence, "nothing prevented Petitioner from submitting the evidence to the trial court prior to trial and seeking discovery at that point, or even from presenting any evidence he had on this issue at the Batson hearing during trial." (Docket No. 124 at 15) In fact, "Petitioner has never asserted that he was denied the opportunity to present such historical evidence in the trial court." (Id.)

Finally, Petitioner's assertion that the state court did not grant him an evidentiary hearing or discovery in his first state MAR proceeding in no way supports his argument that the factual predicate for his new or reraised Batson claim, or any other claim of intentional discrimination at trial, was not previously discoverable through reasonable diligence. This is because Petitioner did not present any Batson or other racial discrimination claim during his first state post-conviction proceeding.

Therefore, there was no basis for him to have requested an evidentiary hearing or discovery to unearth any evidence of racial discrimination in his trial.

Staying the present case, which has been pending on federal habeas review for well over a decade and is now ripe for final disposition in this Court, to allow Petitioner to file a third MAR would be a colossal waste of judicial resources. Although Rhines does not squarely apply here, it does indicate that stay and abeyences in habeas proceedings should be rare, as to preserve the purpose of the AEDPA to "reduce delays in the execution of state and federal criminal sentences, particularly in capital cases." Rhines, 544 U.S. at 276 (citation and internal quotation marks omitted). There is no justification to delay Petitioner's federal habeas proceeding. This is primarily because the filing of the successive MAR for which Petitioner seeks the stay will be outright rejected pursuant to a mandatory state procedural bar. Therefore, this Court should deny Petitioner's Motion to Stay the present proceeding.

Petitioner does not directly request that this Court stay the present proceeding to allow time for the state court to resolve his presently pending RJA MAR and ARJA AMAR. However, it is more than implied in his argument, especially considering that, despite Petitioner's contentions to the contrary, a third MAR would so clearly be procedurally barred. To the extent that Petitioner is actually arguing that

this proceeding should be stayed pending the resolution of his RJA claims in state court, or that he makes such an argument in response to this filing, such a stay should be denied. The RJA and ARJA are state statutory creations, and involve state law matters only. Therefore, Petitioner's claims brought pursuant thereto in state court will not be cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

Moreover, Petitioner is procedurally barred from bringing the federal constitutional claims regarding his death sentence in North Carolina state court that he has raised in his RJA MAR and ARJA AMAR, as he clearly had an opportunity to bring such claims in his direct appeal and/or in his original MAR brought prior to the enactment of the RJA. See N.C.G.S. § 15A-1419(a) (1) & (3) (providing that claims which could have been raised either on direct appeal or in previous MAR are procedurally barred absent a showing of good cause and actual prejudice or a miscarriage of justice). Therefore, any claim in Petitioner's RJA MAR or ARJA AMAR would be procedurally defaulted on federal habeas review. See Nickerson, 971 F.2d at 1127 ("A federal court may not address the merits of a habeas petition when the state court's denial of a petition for collateral relief rested on [an] independent and adequate state law ground of procedural default.").

In sum, Petitioner's RJA claims are not cognizable in this Court, and any

- 16 -

Case 1:99-cv-00764-WO-JLW   Document 142   Filed 03/11/13   Page 16 of 19

federal constitutional claims Petitioner filed via his RJA MAR and ARJA AMAR are procedurally barred.[5] As such, nothing in Petitioner's MAR proceeding, filed pursuant to the RJA provides a basis to stay this proceeding.

**Conclusion**

For the reasons stated above, this Court should deny Petitioner's Motion to Stay and Abey his § 2254 petition.

---

[5]The ARJA clarifies that state procedures for filing post-conviction claims via MARs, which include procedural bars, undoubtedly apply to claims purportedly brought under the ARJA. 2012 N.C. Sess. Law 136, sec. 5.

Respectfully submitted, this the 11th day of March, 2013.

ROY COOPER
ATTORNEY GENERAL

/s/ Mary Carla Hollis
Mary Carla Hollis
Assistant Attorney General
N.C. Bar No. 25731
Email: mchollis@ncdoj.gov

/s/ Danielle Marquis Elder
Danielle Marquis Elder
Special Deputy Attorney General
N.C. Bar No. 19147
Email: dmarquis@ncdoj.gov

North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6500
Facsimile: (919) 716-0001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JEFFREY CLAYTON KANDIES ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | FILE NO. 1:99CV00764 |
| ) | |
| KEITH LASSITER, Warden, ) | |
| Central Prison ) | |
| Raleigh, North Carolina, ) | |
| ) | |
| Respondent. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, March 11, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following ATTORNEYS FOR PETITIONER:

M. GORDON WIDENHOUSE , JR
mgwidenhouse@rwf-law.com,
chenry@rwf-law.com, mgwidenhouse@yahoo.com

SHELAGH KENNEY
shelagh@cdpl.org, barrie@cdpl.org

/s/ Mary Carla Hollis
Mary Carla Hollis

/s/ Danielle Marquis Elder
Danielle Marquis Elder

- 19 -