UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
1:99cv764

| | |
|---|---|
| JEFFREY CLAYTON KANDIES | ) |
| | ) |
| v. | ) |
| | ) |
| CARLTON JOYNER, | ) |
| Warden, Central Prison | ) |

**MOTION TO ALTER OR AMEND JUDGMENT**
**and**
**INCORPORATED MEMORANDUM OF LAW**

NOW COMES petitioner, Jeffrey Clayton Kandies, by and through his undersigned counsel, and moves this Court to alter or amend its judgment entered on 6 November 2014. [DE 147] *See* Fed. R. Civ. P. 59(e). A motion to alter or amend is the vehicle (1) to accommodate an intervening change in the law, (2) to account for new evidence, or (3) to correct a clear error of law or prevent manifest injustice. *Pacific Insurance Co. v. American National Fire Insurance Co.*, 148 F.3d 396, 403 (4th Cir. 1998). The judgment should be amended because this Court did not analyze whether the decision of the Supreme Court of North Carolina, which was the final adjudication of the substantive issues on the merits, was an unreasonable application of settled federal law and because this Court did not apply the more recent precedent

1

regarding whether it could consider evidence that Mr. Kandies could not present to the state court due to barriers erected by the state courts, *see Winston v. Pearson*, 683 F.3d 489, 501 (4th Cir. 2012) (holding *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), no bar to consideration of evidence by habeas court, where state court prevented petitioner from gathering evidence). In the alternative, this Court should amend the judgment to grant a certificate of appealability. In further support of this request, petitioner shows the following:

## PROCEDURAL BACKGROUND

The Fourth Circuit remanded this case after the Supreme Court of the United States had vacated the Fourth Circuit's judgment. *Kandies v. Polk*, 385 F.3d 547 (4th Cir. 2004), *cert. granted, judgment vacated, case remanded*, 545 U.S. 1137 (2005); [DE 41, 43] This Court has summarized the relevant procedural history. [DE 147 at 3-4]

## REASONS TO ALTER OR AMEND THE JUDGMENT

**I. This Court Should Amend The Judgment Regarding Its Determination That The State Court Did Not Unreasonably Apply *Batson v. Kentucky*.**

Petitioner respectfully submits this Court's judgment involved a clear error of law with respect to the analysis of a state court's denial of a challenge to the prosecution's use of peremptory strikes against African-Americans. *See Batson v.*

2

*Kentucky*, 476 U.S. 79, 94-97 (1986) (test for evaluating challenge to use of peremptory strikes); *see also Miller-El v. Cockrell*, 537 U.S. 322 (2003) *(Miller-El I)* (merits of particular *Batson* challenge debatable among jurists of reason). There are several reasons to alter the judgment.

First, this Court faulted petitioner for failing to present the criminal records of various jurors to the state court, yet ignored the state court's refusal to provide him this information upon his request. [DE 147 at 21-22, 31-32, 35-36] Petitioner requested the disclosure of the criminal records of the prospective jurors, which were in the possession of the prosecutor, during jury selection. The trial court denied the request. Petitioner then litigated the denial of this request in his direct appeal. The state supreme court rejected his claim on the merits. *State v. Kandies*, 342 N.C. 419, 437, 467 S.E.2d 67, 76-77, *cert. denied*, 117 S. Ct. 237 (1996). Thus, the state court action prevented petitioner from presenting his evidence to the state court. In such a situation, *Cullen v. Pinholster* does not bar this Court's consideration of the evidence that this Court expressly refused to evaluate. [DE 147 at 7-8 & n.2] Under *Winston v. Pearson*, this Court's analysis is clearly erroneous and manifestly unjust.

Second, this Court ignored the state court's analysis that assumed petitioner had established a prima facie case under *Batson*. *See State v. Kandies*, 342 N.C. 419, 434, 467 S.E.2d 67, 74, *cert. denied*, 117 S. Ct. 237 (1996). However, the directive

3

in *Miller-El v. Cockrell* is that the strength of the prima facie showing is an integral piece of the *Batson* calculus. 537 U.S. at 340-41; *see Sanchez v. Roden*, 753 F.3d 279, 298-309 (1st Cir. 2014) (finding state court unreasonably applied federal law in finding defendant has not made prima facie showing under *Batson*; remanding for evidentiary hearing). Thus the state supreme court failed to apply the settled law reasonably. In this habeas proceeding, this Court is reviewing the state supreme court's analysis, which is the final state court determination on the merits of the *Batson* claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991) (habeas court reviews "last reasoned" decision in state court); *accord Johnson v. Williams*, 133 S. Ct. 1088, 1093-94 (2013). The state supreme court's failure to assess the strength of petitioner's showing of a prima facie case under *Baston* is an unreasonable application of settled federal law. This Court's failure to analyze the issue correctly is also clearly erroneous and manifestly unjust.

Third, this Court ignored the state court's analysis that specifically refused to analyze the prosecutor's purportedly race-neutral reasons for a peremptory strike by comparing similarly situated jurors. *See Kandies*, 342 N.C. at 435-36, 467 S.E.2d 75-76 (refusing to examine reason articulated by prosecutor for striking one juror by examining that reason in an juror the prosecutor accepted; "We have rejected this approach and do so again . . . ."). Again, the Supreme Court has made it abundantly

4

clear that this comparison of similarly situated prospective jurors is both appropriate and compelling. *Miller-El v. Dretke*, 545 U.S. 231, 240-41 (2005) (*Miller-El II*) (noting "powerful" nature of "side-by-side comparisons of some black venire panelists who were struck and white panelists allowed to serve"). The state supreme court's failure to engage in even a cursory side-by-side comparison of African American prospective jurors who were struck with white prospective jurors who were accepted is an unreasonable application of settled federal law. The failure to analyze the issue correctly is also clearly erroneous and manifestly unjust.

Again, this Court's task is to review the final state court decision on the *Batson* issue to determine if that court applied settled federal law unreasonably. This Court did not do so. Thus, the judgment should be altered because it was in clear error and resulted in manifest injustice.

## II. This Court Should Amend the Judgment Regarding Its Determination To Deny A Stay To Allow New Evidence To First Be Presented To The State Courts.

Petitioner respectfully submits this Court's judgment involved a clear error of law with respect to the denial of his request to stay the proceedings so he could present the new evidence, not previously available to him during the proceedings in the state courts, to the state courts. This new evidence relates directly to the substantive issue of the discriminatory use of peremptory challenges by the

5

prosecutors in his state-court trial. The Fourth Circuit has granted similar motions in habeas proceedings. *See Harden v. Lassiter*, No 11-8 (DE 50, 29 August 2012); *Forte v. Lassiter*, No. 12-3 (DE 23, 31 July 2012) (copies attached). The substantive issue in both *Harden* and *Forte* involved a challenge to the prosecutor's use of peremptory challengers to remove African American prospective jurors. Irrespective of this Court's determination that the new evidence petitioner wishes to present "was [not] exclusively in the control of the prosecution" [DE 147 at 10], a statement with which petitioner strongly disagrees and which is contrary to the stays entered in both *Harden* and *Forte*, it would be manifestly unjust to prevent petitioner from using this evidence based on the intervening decision in *Cullen v. Pinholster*, which was decided not only after the habeas petition in this case had been initially adjudicated in both the district court and the Fourth Circuit, but which also fundamentally altered a habeas petitioner's ability to present evidence in a federal forum. Given how petitioner was thwarted at every turn by the state courts when he tried to develop and present this evidence, it would be manifestly unjust to deny him a stay so he could return to state court and present this new information.

### III. This Court Should Grant A Certificate of Appealability.

This Court did not address the matter of a certificate of appealability. [DE 147] There are sound reasons to grant a certificate of appealability in this case on several

issues.

A district court rendering a judgment in a habeas corpus proceeding must either grant a certificate of appealability or state why a certificate should not be granted. Fed. R. App. P. 22(b)(1). The standard for granting a certificate is not high. Mr. Kandies need not show this Court's decision was incorrect. Indeed, district courts often issue certificates of appealability where they have rejected the merits of the claims and the Fourth Circuit affirms the rulings. *See Longworth v. Ozmint*, 377 F.3d 437, 441 (4th Cir. 2004) (district court denies relief but grants appealability on four of nineteen claims, including ineffective assistance and counsel's conflict of interest; ruling ultimately affirmed), *cert. denied*, 543 U.S. 1156 (2005). Indeed, the Fourth Circuit often grants certificates of appealability even though it later rejects a claim on the merits. *See Meyer v. Branker*, 506 F.3d 322, 364, 366-68 (4th Cir. 2007) (granting certificate of appealability on voluntariness of guilty plea; ultimately finding plea acceptable), *cert. denied*, 128 S.Ct. 2975 (2008).

While the issuance of a COA is not automatic, a petitioner seeking to appeal from the denial of a petition for writ of habeas corpus "need only demonstrate a 'substantial showing of the denial of a constitutional right.'" *Miller-El I*, 537 U.S. at 327. A reviewing court may not deny a COA on the grounds that the petitioner will not succeed on the merits. Rather, a COA should be granted where the petitioner has

7

"demonstrate[ed] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.*, citing *Slack v. McDaniel*, 529 U.S. 473, 481 (2000).

There are compelling reasons to issue a certificate in this case. First, the substantive issue regarding the unreasonableness of the state court's disposition of the *Batson* question resulted in a split decision by the Fourth Circuit, a later remand from the Supreme Court, and complex proceedings on remand, including limited discovery. [DE 41, 43, 63] Thus, the *Batson* issue itself is one about which reasonable jurists could disagree. Second, the intervening decision in *Cullen v. Pinholster* has resulted in diverse decisions by various circuit courts, including a marked tension in the Fourth Circuit between *Winston v. Pearson* and *Elmore v. Ozmint* as to how it should be applied. Under these circumstances, this Court should issue a certificate of appealability on the following questions: (1) whether the state court unreasonably applied *Batson* and its progeny in rejecting Mr. Kandies' challenge to the prosecutor's use of peremptory strikes against a disproportionate number of African-American jurors; (2) whether *Cullen v. Pinholster* bars a habeas court from considering evidence obtained in federal discovery when the state court prevented him from gathering and using the evidence; (3) whether the state court's

determination of facts must be credited unless shown starkly and clearly erroneous; and (4) whether a district court should stay habeas proceedings to allow a petitioner to return to state court and present new evidence relevant to his federal issue.

## CONCLUSION

WHEREFORE, Jeffrey Clayton Kandies requests that this Court alter and amend its judgment as set forth herein. In the alternative, he requests a certificate of appealability on the four issues presented in this case.

This the 4th day of December, 2014.

/s/ M. Gordon Widenhouse, Jr.
M. Gordon Widenhouse, Jr.
N.C. State Bar #10107
Rudolf Widenhouse & Fialko
312 West Franklin Street
Chapel Hill, NC 27516
Telephone: 919-967-4900
Telefax: 919-967-4953
Email: mgwidenhouse@rwf-law.com

/s/ Shelagh Rebecca Kenney
Shelagh Rebecca Kenney
N.C. State Bar #28202
Center for Death Penalty Litigation
123 West Main Street, Suite 700
Durham, NC 27701
Telephone: 919-956-9545
Telefax: 919-956-9547
Email: shelagh@cdpl.org

Attorneys for Jeffrey Clayton Kandies

10

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on 4 December 2014, I electronically filed the foregoing Motion to Alter or Amend Judgment and Incorporated Memorandum of Law with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record in this matter.

/s/ M. Gordon Widenhouse, Jr.
M. Gordon Widenhouse, Jr.
N.C. State Bar #10107
312 West Franklin Street
Chapel Hill, NC 27516
Telephone: 919-967-4900
Telefax: 919-967-4953
Email: mgwidenhouse@rwf-law.com

11

FILED: August 29, 2012

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-8
(3:06-cv-00248-MOC)

ALDEN JEROME HARDEN

      Petitioner - Appellant

v.

KENNETH E. LASSITER, Warden, Central Prison, Raleigh, North Carolina; ROY COOPER, Attorney General of the State of North Carolina

      Respondents - Appellees

O R D E R

Upon consideration of the submissions relative to the motion to reconsider this court's order denying the motion for abeyance pending exhaustion of facts and issues in state court, the court grants the motion and places this case in abeyance. The parties are directed to notify this court in writing promptly upon issuance of the state court's decision.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: July 31, 2012

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 12-3
(5:09-hc-02054-FL)
_____

LINWOOD EARL FORTE

    Petitioner - Appellant

v.

KENNETH E. LASSITER, Warden, Central Prison, Raleigh, North Carolina; ROY COOPER, Attorney General for the State of North Carolina

    Respondents - Appellees

_____

O R D E R
_____

Upon consideration of the submissions relative to the motion to hold this case in abeyance pending exhaustion of facts and issues in state court, the court grants the motion. The parties are directed to notify this court in writing promptly upon issuance of the state court's decision.

                For the Court

                /s/ Patricia S. Connor, Clerk