IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **JEFFREY CLAYTON KANDIES** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **FILE NO. 1:99CV00764** |
| | ) | |
| **CARLTON JOYNER, Warden, Central Prison, Raleigh, North Carolina,** | ) | |
| | ) | |
| **Respondent.** | ) | |

---

**RESPONSE TO PETITIONER'S MOTION
TO ALTER OR AMEND JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(e)
Local Rule 7.3
28 U.S.C. § 2254**

---

NOW COMES THE RESPONDENT, by and through his undersigned counsel, providing the following Response to Petitioner's Motion to Alter or Amend Judgment (Docket No. 149), filed pursuant to Federal Rule of Civil Procedure 59(e), based upon this Court's previously filed Order Adopting in Part the Magistrate Judge's Recommendation, Denying the Petition for Writ of Habeas Corpus, and Denying Petitioner's Motion for Stay and Abeyance of Federal Proceedings. (See Order, Docket No. 147).

## Summary of the Nature of the Case and Pertinent Facts

For a summary of the nature of this case and pertinent facts, Respondent refers this Court to his previously filed Supplemental Brief. (See Docket No. 141)

## Legal Argument

As a general reply, Respondent refers this Court to the arguments contained in his

Supplemental Brief (See id.), in the Response to Petitioner's Supplemental Brief (See Docket No. 146), and to the Response in Opposition to Motion to Stay (See Docket No. 142). Respondent wishes to briefly address a few of the arguments Petitioner raises in his Motion to Alter or Amend this Court's Judgment and in his request for a Certificate of Appealability.

First, Petitioner contends in his Motion to Alter or Amend the Judgment that this Court committed a clear error of law in allegedly failing to determine whether the Supreme Court of North Carolina reasonably applied well established United States Supreme Court law regarding the exercise of peremptory challenges in Petitioner's case because this Court allegedly did not apply circuit precedent from 2012. (Docket No. 149, p 1-2, citing Winston v. Pearson, 683 F.3d 489, 501 (4th Cir. 2012)). He also seeks a Certificate of Appealability on "whether the state court unreasonably applied Batson and its progeny in rejecting [Petitioner's] challenge to the prosecutor's use of peremptory strikes against a disproportionate number of African-American jurors[.]" (Id. at 8). Petitioner's contentions are without merit and both the Motion to Alter or Amend the Judgment and the requested Certificate of Appealability should be denied.

Adopting the Magistrate Judge's Recommendation in part, this Court determined, based on the evidence available to the state court, that the state court did not unreasonably apply well established United States Supreme Court law (Batson) in reviewing the prosecution's peremptory challenges of venire members and that no clear and convincing evidence established the prosecution was engaged in intentional discrimination in the peremptory challenge of any juror. (Order, Docket No. 147, p 16-38; see also, Memorandum and Recommendation, Docket No. 124). This decision was correct.

Contrary to this Court's conclusion, Petitioner continues to argue that the state court adjudication was not entitled to deference because he erroneously alleges that he was prevented from obtaining material evidence to be presented in opposition to the prosecution's peremptory

challenges. Thus Petitioner argues this Court should alter and amend its judgment, or in the alternative, grant a Certificate of Appealability on "whether Cullen v. Pinholster bars a habeas court from considering evidence obtained in federal discovery when the state court prevented him from gathering and using the evidence [.]" (See Motion to Alter or Amend Judgment, Docket No. 149) Petitioner's request for a Certificate of Appealability erroneously presupposes that he has been denied his opportunity to present evidence or that he has newly discovered evidence which he was barred from presenting. He has not. Respondent discussed at length in his Supplemental Brief and in its Response to Petitioner's Supplemental Brief how Petitioner continues to mischaracterize the nature of this case. Respondent refers the Court to those discussions here. (See Docket Nos. 141 and 146) Petitioner's contention that he could not supplement the state-court Record on Appeal with any alleged history of racial discrimination on the part of the prosecution, or with the jurors' criminal histories, does not excuse his failure to submit those and other materials to the state court at the time of jury selection. As noted by the Magistrate Judge in his Recommendation (which this Court adopted in part), Petitioner could certainly have sought and submitted materials supporting any claim of discrimination in the jury selection pretrial. (Docket No. 124, p 15) He did not.

The United States Supreme Court made it clear in Pinholster v. Cullen, __ U.S. __, 131 S. Ct. 1388 (2011), that the record to be reviewed in a federal habeas action is limited to materials submitted to the state court. Pinholster, __ U.S. at __, 131 S. Ct. at 1398. Petitioner continues to argue that courts have been divided in the application of Pinholster, and in this vein has faulted this Court for failing to apply "the more recent [circuit] precedent" interpreting Pinholster. (See Docket No. 149, pp 1-2, citing Winston v. Pearson, 683 F.3d 489, 501). This argument ignores the even more recent circuit precedent that clearly distinguished Winston, making it inapplicable to the instant case. As Respondent has previously argued, the Fourth Circuit has already applied Pinholster to a case with a similar procedural posture as the instant case, Burr v. Branker, 513 F. App'x 327, 339

(4th Cir. 2013) (unpublished) (Docket No. 144 (a copy of unpublished op.)). Like in the instant case, in Burr v. Branker, __ F. Supp. 3d __, __, 2012 U.S. Dist. LEXIS 74315 (M.D.N.C. May 30, 2012) (No. 1:01CV393), the Magistrate Judge, without the benefit of Pinholster, granted the State's motion to expand the record and for discovery, and considered evidence gathered during the federal court habeas proceeding in issuing his recommendation. Burr, _ F. Supp. 3d at _, 2012 U.S. Dist. LEXIS 74315, at *8. After Pinholster was issued, this Court adopted the recommendation of the Magistrate Judge in Burr upon de novo review but, given the holding in Pinholster, did so without considering the evidence submitted which was uncovered pursuant to grant of federal discovery. Burr, __ F. Supp. 3d at _, 2012 U.S. Dist. LEXIS 74315, at *8 -*9. The Fourth Circuit would later note, with approval, this Court's decision not to consider the evidence adduced in federal court prior to the issuance of Pinholster. Burr v. Branker, 513 F. App'x 327, 339 (4th Cir. 2013).

Like in the instant case, the petitioner in Burr unsuccessfully attempted to argue that the state court decision was not an adjudication on the merits, the implication being that this Court erred in not conducting a de novo review whereby it would have had to consider the evidence adduced during the period of federal court discovery. Id. at 341. The Fourth Circuit rejected the petitioner's argument. Id. In so doing, the Fourth Circuit distinguished the situation in Burr from that in another line of cases, i.e., Winston v. Kelly, 592 F.3d 535 (4th Cir.) (Winston I), cert. denied, _ U.S. _, 131 S. Ct. 127 (2010), and Winston v. Pearson, 683 F.3d 489 (4th Cir. 2012) (Winston II), cert. denied, 2013 U.S. LEXIS 1631 (Feb. 25, 2013), which Petitioner here has faulted this Court for not applying. In Winston, the circuit court concluded there was no adjudication on the merits and a de novo review was therefore warranted. Burr, 513 F. App'x at 341. In Burr the Fourth Circuit concluded that, unlike in the Winston cases, the petitioner in Burr had an opportunity in state court to develop the evidence he would later develop in federal court, but failed to do so. Id. Therefore, the nature of the state court's adjudication in Burr was distinguishable from the one in Winston, was an adjudication

on the merits, and was entitled to deference. Id.

So too here. In Petitioner's case the state court did not unreasonably deny Petitioner the opportunity to present the evidence in state court that he would later present in federal court. Thus, as this Court found, the state court's adjudication of Petitioner's Batson claim was an adjudication on the merits (Docket No. 147, p 14). As such under 28 U.S.C. § 2254(d) it was entitled to deference. In concluding that the state court adjudication was not contrary to or an unreasonable application of well established United States Supreme Court law, this Court appropriately considered only the evidence available to the state court at the time of the adjudication on the merits. (Docket No. 147, p 3). This Court's analysis was appropriate and not a clear error of law as Petitioner contends. As such Petitioner's Motion to Alter or Amend the Judgment should be denied.

Petitioner also persists in arguing that in its Batson analysis the North Carolina Supreme Court unreasonably applied the relevant case law and side-stepped comparative juror analysis. For these reasons Petitioner has contended the state court's adjudication was not entitled to deference in this proceeding under 28 U.S.C. § 2254(d)(1). Likewise, Petitioner requests a Certificate of Appealability on the issue of "whether the state court unreasonably applied Batson and its progeny in rejecting [Petitioner's] challenge to the prosecutor's use of peremptory strikes against a disproportionate number of African-American jurors[.]" (Docket No. 149, p 8). This Court should deny the Motion to Alter or Amend Judgment and the request for a Certificate of Appealability for the clear reasons articulated in this Court's order denying this relief on this claim. In consideration of the state court record, the merits of Petitioner's Batson challenges are not debatable among reasonable jurists.

Petitioner alleges that this Court "ignored the state court's analysis that assumed petitioner had established a prima facie case under Batson." (Docket No. 149, p 3, citing State v. Kandies, 342 N.C. 419, 434, 467 S.E.2d 67, 74, cert. denied, 117 S. Ct. 237 (1996)). In this regard Petitioner

contends this Court's analysis was "clearly erroneous and manifestly unjust." (Docket No. 149, p 4). This argument is feckless. This Court acknowledged, as the Fourth Circuit before it had done, that during jury selection "'the State voluntarily responded to each of [Petitioner's] Batson challenges,' thereby creating an inference that Petitioner had met the first prong of Batson." (Docket No. 147, p 15, citing Kandies, 385 F.3d at 474 and 492). According to well established federal law, in the second and third prongs of the Batson analysis, the prosecution must offer a race neutral reason justifying the challenged peremptory strike and then the trial court must determine whether the prosecutor engaged in purposeful discrimination. Miller-El, 545 U.S. at 239. As the Magistrate Judge noted in this case, "'the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.'" (Docket No. 124, p 13, quoting Purkett v. Elem, 514 U.S. 765, 768 (1995)). The United States Supreme Court has noted that deference to the trial court's findings on the issue of discriminatory intent is appropriate since this finding will largely "turn on evaluation of credibility." Hernandez v. New York, 500 U.S. 352, 365 (1991) (quoting Batson v. Kentucky, 476 U.S. 79, 98 n.21 (1986). Furthermore, as the Magistrate Judge's Recommendation reaffirmed, in reviewing the state court's determination in the third step of the Batson analysis, "a federal habeas court must find the state-court conclusion to be 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding'" before granting relief in habeas. (Opinion and Recommendation, Docket No. 124, p 17, quoting Rice v. Collins, 546 U.S. 333, 338 (2006) (quoting 28 U.S.C. § 2254(d)(2)).

With this legal framework in mind, this Court analyzed Petitioner's Batson claims to determine whether the state court's ruling that "all relevant circumstances demonstrated that the prosecutor did not engage in purposeful discrimination was contrary to, or involved an unreasonable application of Batson." (Docket No. 147, p 15-16, citing Miller-El II, 545 U.S. at 240). Even in consideration of the presumption that the first prong of Batson's test had been met (as state law

allowed if the prosecution volunteered its reasons for the peremptory strike prior to the trial court determining whether a prima facie case of racial discrimination had occurred), the state court nonetheless determined in its review pursuant to the second and third prongs of the Batson analysis that Petitioner had failed to show intentional racial discrimination in the prosecution's peremptory challenges. (See Opinion and Recommendation, Docket No. 124, p 25). Nothing about the state court's determination was contrary to or an unreasonable application of clearly established United States Supreme Court law. (Id.) Consistent with well established federal law, this Court afforded deference to the trial court's credibility determinations in the context of the entire jury selection. (Docket No. 147, p 23-38). Here Petitioner failed to rebut the presumption of correctness of the state court's findings of fact by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). This Court's Order is consistent with controlling law and was not clearly erroneous as Petitioner contends.

Further, contrary to Petitioner's argument, the state court did not ignore the importance of comparative juror analysis. As noted in Respondent's Supplemental Brief (See Docket No. 141), unlike some other courts, the North Carolina courts have long considered comparative juror analysis important, and the North Carolina Supreme Court even said so in the present case. See State v. Kandies, 342 N.C. 419, 435, 467 S.E.2d 67, 75 (noting that in determining "the presence or absence of intentional discrimination," our state courts look at, among other things, "whether similarly situated whites were accepted as jurors"), cert. denied, 519 U.S. 894 (1996). Just because the North Carolina Supreme Court insisted that factors other than the ones making African-American and white jurors similar be accounted for does not evince a rejection of comparative juror analysis. See Nicklasson v. Roper, 491 F.3d 830 (8th Cir. 2007) (rejecting an argument regarding a state court's treatment of comparative juror analysis that is similar to the one Petitioner presents in the instant case), cert. denied, 553 U.S. 1007 (2008).

Moreover, contrary to Petitioner's argument, in affirming this Court's denial of habeas relief

to Petitioner prior to the United States Supreme Court's remand, the Fourth Circuit panel did not state or otherwise indicate that it considered comparative juror analysis a noncritical component of reviewing a claim under Batson v. Kentucky, 476 U.S. 79 (1986). Rather, the two concurring Fourth Circuit judges who discussed Petitioner's Batson claim in great detail recognized that the analysis was clearly relevant. See Kandies v. Polk, 385 F.3d 457, 479 (2005) (Gregory, J., concurring) ("[T]he disparate treatment of similarly situated prospective jurors of different races can be used to establish pretext." (citing Miller-El v. Cockrell, 537 U.S. 322, 343-44 (2003) (Miller-El I)); and id. at 494-97 (Michael, J., concurring) ("'Comparative juror analysis clearly is a relevant consideration in the Batson analysis' for determining whether the prosecutor's explanation was pretextual." (quoting Bell v. Ozmint, 332 F.3d 229, 241 (4th Cir. 2003), cert. denied, 540 U.S. 1153 (2004)). One of the judges specifically examined the North Carolina Supreme Court's rejection of Petitioner's argument regarding comparative juror analysis. Id. at 494-97. In any regard, as Respondent has always maintained, the North Carolina Supreme Court's adjudication of Petitioner's Batson claim is not contrary to, or an unreasonable application of relevant Supreme Court case law, including the Miller-El decisions. This Court appropriately found the same in its Order denying the Petition for Writ of Habeas Corpus, and, further this Court determined that no clear and convincing evidence established the prosecution was engaged in intentional discrimination in the peremptory challenge of any juror. (See Order, Docket No. 147, Order pp 16 - 38, see also Opinion and Recommendation, Docket No. 124, p 25).

As this Court found, "[s]ection 2254 dictates that the state court's determination of factual issues is 'presumed to be correct' and may only be overturned by 'clear and convincing evidence.'" (Docket No. 147, p 14, citing 28 U.S.C. § 254 (e)(1)). As this Court found, Petitioner offered no clear and convincing evidence to overturn the state court's conclusions. (Docket No. 147). As such Petitioner's request for a Certificate of Appealability as to "whether the state court's determination

of facts must be credited unless shown starkly and clearly erroneous" should be denied. (Docket No. 149, p 8). Based upon the evidence available in the state court record alone and for the reasons articulated in this Court's Order, no reasonable jurist would disagree that the state court's conclusion was contrary to or an unreasonable application of clearly established United States Supreme Court law.

Second, Petitioner contends in his Motion to Alter or Amend the Judgment that this Court committed a clear error of law in failing to grant Petitioner's motion to stay the proceedings for Petitioner to return to state court and present what he alleges is new evidence before the state court. (Docket No. 149) As Respondent argued in his Supplemental Brief, what would be Petitioner's third MAR in state court is undoubtedly barred without excuse by the mandatory state-court procedural bar statute, N.C. Gen. Stat. § 15A-1419(a) and (c). Petitioner had many opportunities to raise this claim previously but did not, including raising this claim in his state post conviction Motion for Appropriate Relief. See N.C. Gen. Stat. § 15A-1419(a)(1). As such, his claim is procedurally defaulted for the purpose of federal habeas review where the federal habeas court determines that if the petitioner were to return to state court to raise the claim, the state court would bar the claim based upon an adequate and independent state-court procedural bar. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.) (explaining that procedural default occurs when habeas petitioner fails to exhaust available state remedies and court to which petitioner would be required to present his claims in order to meet exhaustion requirement would now find claims procedurally barred), cert. denied, 523 U.S. 371 (1998). For the reasons discussed by Respondent in its Response to the Motion for Stay (See Docket No. 142), the state court will indeed procedurally bar Petitioner's state claims which will necessarily make his claims procedurally barred in this Court as well.

Furthermore, this Court appropriately found that Petitioner had failed to identify any new constitutional right which would justify submitting a new state MAR claim and also found that

Petitioner could have discovered all of the allegedly "new" evidence he claims was previously unavailable to him. (Docket No. 147, p 10) This Court accurately concluded that, irrespective of Petitioner's argument to the contrary, nothing prevented Petitioner from obtaining this information from sources other than the prosecution. (Id.) And as the Magistrate Judge noted, nothing prevented Petitioner from obtaining and presenting materials allegedly supporting any claim of discrimination in the jury selection pretrial. (Opinion and Recommendation, Docket No. 124, p 15) As such, Petitioner failed to show good cause to stay the proceedings in order to return to state court to pursue these defaulted claims. Petitioner fails to show any compelling reason to alter or amend this Court's previous Order which accurately assessed that the "new" evidence Petitioner claims should be presented in state court is not new at all.

For the same reasons, no Certificate of Appealability should be issued on "whether this Court stay habeas proceedings to allow a petitioner to return to state court and present new evidence to his federal issue" as Petitioner contends. (See Docket No. 149). This information does not constitute "new evidence" which was unavailable to Petitioner in state court. Petitioner's citations to stays entered in unrelated cases with varying procedural backgrounds from the instant case (Id., p 6) offer no reason for this Court to alter or amend its order to stay the federal proceedings in this case. Reasonable jurists would not disagree with the Court's well reasoned analysis in this case, and Petitioner's request for a Certificate of Appealability on this issue should be denied.

**Conclusion**

For the reasons stated above and in Respondent's previously filed pleadings, Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 was appropriately denied without consideration given to the evidence presented in this Court and not the state court. Petitioner has offered no compelling argument for this Court to Alter or Amend its previously entered Judgment denying Petitioner's petition for writ of habeas corpus. As such, Petitioner's Motion to

Alter or Amend Judgment should be denied. Additionally, Petitioner's requested Certificate of Appealability should also be denied.

Respectfully submitted, this the 29th day of December 2014.

ROY COOPER
ATTORNEY GENERAL

/s/ Danielle Marquis Elder
Danielle Marquis Elder
Special Deputy Attorney General
N.C. Bar No. 19147
Email: dmarquis@ncdoj.gov

/s/ Peter A. Regulski
Peter A. Regulski
Assistant Attorney General
N.C. Bar No. 35006
Email: pregulski@ncdoj.gov

North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6500
Facsimile: (919) 716-0001

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| **JEFFREY CLAYTON KANDIES** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **FILE NO. 1:99CV00764** |
| | ) | |
| **CARLTON JOYNER, Warden,** | ) | |
| **Central Prison,** | ) | |
| **Raleigh, North Carolina,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, 29 December 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following ATTORNEYS FOR PETITIONER:

M. GORDON WIDENHOUSE , JR
mgwidenhouse@rwf-law.com, chenry@rwf-law.com, mgwidenhouse@yahoo.com

SHELAGH KENNEY
shelagh@cdpl.org, barrie@cdpl.org

/s/ Danielle Marquis Elder
Danielle Marquis Elder

/s/ Peter A. Regulski
Peter A. Regulski