IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:99-CV-00764

| | |
|---|---|
| **JEFFREY CLAYTON KANDIES,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) |
| | ) |
| **CARLTON JOYNER, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

_____

**REPLY IN SUPPORT OF PETITIONER'S MOTION
TO ALTER OR AMEND PURSUANT TO FED. R. CIV. P. 59(e)**

NOW COMES Jeffrey Clayton Kandies, by and through his undersigned counsel, and provides the following reply to the Respondent's Response (Docket No. 151) to Petitioner's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Docket No. 149). Petitioner filed a Rule 59(e) motion asking this Court to correct clear errors of law and to prevent manifest injustice and, in the alternative, to amend the judgment by granting a certificate of appealability. The Respondent's Response fails to address the key points raised in Petitioner's Rule 59(e) motion.

Petitioner argued the state court's adjudication was an unreasonable application of settled federal law because Petitioner was prevented from offering

evidence in state court in support of his claim due to barriers erected by the state courts, and not due to Petitioner's lack of diligence. (Docket No. 149 at 3) Under the Fourth Circuit's precedent in *Winston v. Pearson*, 683 F.3d 489, 501 (4th Cir. 2012), there was no opportunity for Petitioner to proffer this evidence to the trial court or to the reviewing court, despite repeated requests for access to the criminal records of prospective jurors. Respondent points to the Fourth Circuit's decision in *Burr v. Branker*, 513 Fed. Appx. 327 (4th Cir. 2013), as saying something new. (Docket No. 151 at 4) It did not. *Burr* reiterates the *Winston I* precedent that "the state court decision might not be deemed an adjudication on the merits for purposes of §2254(d) if diligent counsel was unable to complete the state court record because the 'state court unreasonably refuse[d] to permit further development of the facts of a claim.'" *Burr*, 513 Fed. Appx. at 341 (citing *Winston II*, 683 F.3d 489, 496 (4th Cir. 2012).[1] The state court's refusal to allow Petitioner access to the criminal records that were in the prosecutor's possession unreasonably prevented Petitioner from supporting his claim in the trial court with

---

[1] In *Burr*, the Fourth Circuit determined that Burr had not been prevented from submitting evidence in state post conviction proceedings and had not been diligent in seeking to do so. That situation does not equate to the present case, where Petitioner repeatedly asked for access to the pertinent evidence at trial and had no ability to add the evidence during his direct appeal.

additional evidence.[2] Obviously, once the trial court denied Petitioner access to the documents, he had no conceivable way to supplement the record on direct appeal. N.C. Rule of Appellate Procedure 9(a)(3).

If, as the Respondent argues, Petitioner should have presented his additional evidence to the state court before coming to federal court, then he would have had to present this evidence in his state court post-conviction proceedings. But any failure to do so is not without a remedy now. Petitioner sought permission from this Court to stay his federal habeas proceedings so he could present the new evidence to the state court in order to exhaust the claim in state court with the additional evidence. Respondent argues that Petitioner cannot now present the evidence in state court because he failed to present it during his initial state court proceedings, despite the fact that the state courts barred Petitioner from access to the evidence.

However, to the extent that Petitioner's only opportunity to submit evidence in support of his claim was in his initial state post-conviction proceedings, then, as

---

[2] Furthermore, some of the evidence that Petitioner has offered in this Court to support his claim clearly demonstrates that the state actors gave false answers to the trial court. Thus, it is manifest injustice to allow the Respondent to profit from his ability to keep relevant evidence from Petitioner that shows the District Attorney's ostensibly race-neutral reasons had no basis in fact, *see* Brief on Remand at 11, 12-14 (Docket No. 117); *see also Banks v. Dretke*, 540 U.S. 668, 698 (2004) (finding "cause" to excuse a procedural bar where prosecutors had falsely represented at trial and in state post-conviction proceedings that the State had provided all relevant materials in discovery).

3

this Court is well aware, recent decisions by the United States Supreme Court in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), provide an avenue for further litigation under these circumstances. In *Juniper v. Davis*, 737 F.3d 288 (4th Cir. 2013), the Fourth Circuit held that a habeas petitioner who is represented by the same counsel in state post-conviction and federal habeas corpus proceedings is entitled to the appointment of "qualified and independent counsel" to investigate the ineffectiveness of state post-conviction counsel in order to raise claims of ineffective assistance of trial counsel that might otherwise be procedurally barred. *Juniper*, 737 F.3d at 290; *see also Martinez*, 132 S.Ct. at 1315 (holding that the "[i]nadequate assistance of counsel at the initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial"). Thus, under the holdings in *Martinez* and *Trevino*, the state post-conviction counsel's error in failing to present evidence supporting the *Batson* claim in state post-conviction proceedings should serve as cause for the failure to present this evidence in state court. If, under *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011), this Court is barred from considering any evidence not presented first to the state courts, despite the roadblocks put in Petitioner's way, then Petitioner must be permitted to either return to state court to exhaust his claim with the additional evidence, as requested in his motion to alter

or amend[3] or present any claim of ineffective assistance of trial counsel that was not raised in Petitioner's motion for appropriate relief due to the ineffectiveness of state post-conviction counsel.[4] Contrary to Respondent's assertions that the filing of a motion for appropriate relief in state court would be "undoubtedly barred" (Docket No. 151 at 9), there is a good basis for the filing of such a motion in state court given the new evidence first developed through discovery in this Court and the failure of state post-conviction counsel to offer such evidence in initial post-conviction proceedings. *See* N.C. Gen. Stat. §15A-1419(b) (identifying circumstances under which a successive motion for appropriate relief may be granted)

Petitioner also requested that this Court grant his motion to alter or amend its judgment insofar as this Court determined that the state court did not unreasonably apply *Batson* despite the state court's refusal to assess the prosecutor's purportedly race-neutral reasons for peremptory strikes of African-American prospective jurors

---

[3] *See Harden v. Lassiter*, No. 11-8 (Docket No. 50, 29 August 2012); *Forte v. Lassiter*, No. 12-3 (Docket No. 23, 31 July 2012) (orders allowing motions to stay in Fourth Circuit) (attached to Petitioner's motion to alter or amend); *see also Morgan v. Lassiter*, No. 12-6 (Docket No. 13, 4 January 2013) (order by Fourth Circuit allowing motion to hold case in abeyance pending exhaustion of facts and issues in state court) (copy of Order attached).

[4] *See Morgan v. Lassiter*, No. 12-6 (Docket No. 19, 26 June 2014) (order permitting appointment of *Martinez* counsel and for remand from Fourth Circuit to federal district court to investigate and file additional claims) (copy of Order attached).

by comparing similarly-situated white prospective jurors. (Docket No. 149 at 4-5) Respondent incorrectly argues that the state court's adjudication was not unreasonable and claims that comparative juror analysis was undertaken in this case. (Docket No. 151 at 7) While the state supreme court mentioned that a state court is to look at, among other things, "whether similarly situated whites were accepted as jurors," it emphatically rejected comparative juror analysis, specifically finding fault with Petitioner's "approach" to comparative juror analysis. And thus it engaged in no comparative juror analysis of its own. *State v. Kandies*, 467 S.E.2d 67, 75-76 (N.C. 1996). Oddly, Respondent then points to two places in the Fourth Circuit's opinion where the Fourth Circuit acknowledged the importance of comparative juror analysis. (Docket No. 151 at 8, citing *Kandies v. Polk*, 385 F.3d 457, 479, 494-97 (2005). Furthermore, the case cited by Respondent in support of its argument that the state court adjudication in this case was not unreasonable, *Nicklasson v. Roper*, 491 F.3d 830 (8th Cir. 2007), actually included comparative juror analysis, which was not the case here.

For all the reasons stated in Petitioner's motion to alter or amend, and for the reasons discussed herein, Petitioner asks that this Court grant Petitioner's motion, stay the judgment to permit Petitioner to exhaust his claims in state court, or issue a certificate of appealability in the four issues presented in his motion to alter or

6

amend. In the alternative, Petitioner requests that this Court stay the judgment to permit him to file a claim in this Court under *Martinez*.

Respectfully submitted, this the 12th day of January, 2015.

/s/ M. Gordon Widenhouse, Jr.
M. Gordon Widenhouse, Jr.
N.C. Bar #10107
312 West Franklin Street
Chapel Hill, North Carolina 27516
Telephone: (919) 967-4900
Telefax: (919) 967-4953

/s/ Shelagh Rebecca Kenney
Shelagh Rebecca Kenney
N.C. Bar #28202
Center For Death Penalty Litigation
123 West Main Street, Suite 700
Durham, North Carolina 27701
Telephone: (919) 956-9545
Telefax: (919) 956-9547

CERTIFICATE OF SERVICE

      I hereby certify that on January 12, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Danielle Marquis Elder, Special Deputy Attorney General, at dmarquis@ncdoj.gov, and Peter A. Regulski, Assistant Attorney General, at pregulski@ncdoj.gov.

      Respectfully Submitted,

      /s/ Shelagh Rebecca Kenney
      Shelagh Rebecca Kenney
      N.C. Bar #28202
      Center for Death Penalty Litigation
      123 West Main Street, Suite 700
      Durham, North Carolina 27701
      Telephone: (919) 956-9545
      Telefax: (919) 956-9547

FILED: January 4, 2013

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 12-6
(1:09-cv-00416-RJC)

_____

JAMES LEWIS MORGAN

     Petitioner - Appellant

v.

WARDEN KENNETH E. LASSITER, Central Prison, Raleigh, North Carolina

     Respondent - Appellee

_____

O R D E R
_____

    Upon consideration of the submissions relative to the motion to hold this case in abeyance pending exhaustion of facts and issues in state court, the court grants the motion. The parties are directed to notify this court in writing promptly upon issuance of the state court's decision.

                          For the Court

                          /s/ Patricia S. Connor, Clerk

FILED: June 26, 2014

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 12-6
(1:09-cv-00416-RJC)
_____

JAMES LEWIS MORGAN

    Petitioner - Appellant

v.

WARDEN KENNETH E. LASSITER, Central Prison, Raleigh, North Carolina

    Respondent - Appellee

_____

O R D E R
_____

    Appellant has moved for appointment of independent, qualified counsel under Martinez v. Ryan, 132 S. Ct. 1309 (2012), and for remand to the district court to permit Martinez counsel to investigate and file any additional claims in the district court within 180 days of appointment. Appellee has filed a response in opposition.

    The court grants the motion. The clerk is directed to appoint Martinez counsel and remand the case to the district court for counsel to file any additional

claims within 180 days of the order of appointment.

              For the Court

              <u>/s/ Patricia S. Connor, Clerk</u>