# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# 1:99-CV-00764

| | |
|---|---|
| **JEFFREY CLAYTON KANDIES,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) |
| | ) |
| **CARLTON JOYNER, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

## PETITIONER'S MOTION TO STAY AND
## FOR ABEYANCE OF FEDERAL PROCEEDINGS

Petitioner Jeffrey Clayton Kandies, by and through his undersigned counsel, respectfully requests that this Court stay and place in abeyance his federal proceedings pending the United States Supreme Court's review of *Foster v. Humphrey*, No. 14-8349.

In support of this motion, counsel show the following:

### PROCEDURAL HISTORY

1. Mr. Kandies is a death-sentenced North Carolina prisoner. At trial, Mr. Kandies made repeated objections under *Batson v. Kentucky*, 476 U.S. 79 (1986), to the prosecution's discriminatory exercise of peremptory challenges during his capital jury selection.

2. On direct appeal to the North Carolina Supreme Court, Mr. Kandies unsuccessfully raised two issues related to his jury selection: (1) the discriminatory use of peremptory challenges by the prosecution in violation of *Batson*, and (2) the trial court's denial of Mr. Kandies' motion to require the prosecution to produce copies of criminal records of prospective jurors. *See State v. Kandies*, 342 N.C. 419, 467 S.E.2d 67, *cert. denied*, 519 U.S. 894 (1996).

3. After his futile post-conviction proceedings in state court, Mr. Kandies filed a petition for writ of habeas corpus in this Court, including a claim regarding the prosecution's discriminatory exercise of peremptory challenges under *Batson*. [DE 8] The writ was denied. [DE 25]

4. The ruling of this Court was affirmed by a sharply divided panel of the United States Court of Appeals for the Fourth Circuit. *Kandies v. Polk*, 385 F.3d 457 (4th Cir. 2004).

5. Upon Mr. Kandies' petition for *certiorari*, the United States Supreme Court vacated and remanded for reconsideration in light of *Miller-El v. Dretcke*, 545 U.S. 231 (2005). *Kandies v. Polk*, 545 U.S. 1137 (2005), *vacating and remanding*, *Kandies v. Polk*, 385 F.3d 457 (4th Cir. 2004).

6. The Fourth Circuit then remanded to this Court. [DE 43]

7. This Court granted Mr. Kandies' motion for limited discovery regarding the criminal record checks done on the jury venire and the prosecutor's use of peremptory challenges on 2 October 2006 [DE 63], and on 20 December 2007 [DE 79].

8. The magistrate judge again recommended that the petition be denied. [DE 124] Mr. Kandies filed objections to this recommendation. [DE 129] On 6 November 2011, this Court denied Mr. Kandies' habeas corpus petition. [DE 148]

9. Mr. Kandies filed a motion to alter or amend the judgment on 4 December 2014, which is pending and has been referred to a magistrate judge. [DE 149].

## GROUNDS FOR GRANTING STAY AND ABEYANCE

10. The central issue before this Court on remand is Mr. Kandies' claim regarding the prosecution's discriminatory use of peremptory challenges. In Mr. Kandies' case, since the state appellate court proceeded as if a prima facie had been established, the issue here has been whether Mr. Kandies carried his burden of proving purposeful discrimination on the basis of race, which is the third step in a *Batson* inquiry.

11. On 26 May 2015, the United States Supreme Court granted *certiorari* in *Foster v. Humphrey*, No. 14-8349, to review the denial of the petitioner's *Batson*

3

claim by the Georgia courts. In *Foster*, the United States Supreme Court will address the issue of whether the Georgia courts erred "in failing to recognize race discrimination under *Batson* in the extraordinary circumstances of this death penalty case." *Foster v. Humphrey*, No. 14-8349.

12. In *Foster*, the prosecution struck all four prospective jurors and gave the trial court numerous race-neutral reasons for each strike. Given that the trial court found a prima facie showing of race discrimination, the Court's decision in this case will likely address what is required in step three of the *Batson* process.

13. The United States Supreme Court's disposition of *Foster v. Humphrey* will likely have some bearing on Mr. Kandies' *Batson* claim. The case is to be heard and decided in the October 2015 term.

14. In his motion to alter and amend, Mr. Kandies asked this Court to amend the judgment regarding its determination that the state court did not unreasonably apply *Batson*. A stay pending the United State's Supreme Court's ruling in *Foster v. Humphrey* would be prudent and will best conserve judicial resources.

WHEREFORE, for good cause shown, Mr. Kandies, through undersigned counsel, respectfully requests this Court issue an order holding its ruling on Mr.

Kandies' motion to alter or amend in abeyance pending the United States Supreme Court's decision in *Foster v. Humphrey*.

Respectfully submitted, this the 17th day of June, 2015.

/s/ M. Gordon Widenhouse, Jr.
M. Gordon Widenhouse, Jr.
N.C. Bar #10107
312 West Franklin Street
Chapel Hill, North Carolina 27516
Telephone: (919) 967-4900
Telefax: (919) 967-4953

/s/ Shelagh Rebecca Kenney
Shelagh Rebecca Kenney
N.C. Bar #28202
Center For Death Penalty Litigation
123 West Main Street, Suite 700
Durham, North Carolina 27701
Telephone: (919) 956-9545
Telefax: (919) 956-9547

CERTIFICATE OF SERVICE

      I hereby certify that on June 17, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Danielle Marquis Elder, Special Deputy Attorney General, at dmarquis@ncdoj.gov, and Peter A. Regulski, Assistant Attorney General, at pregulski@ncdoj.gov.

      Respectfully Submitted,

      /s/ Shelagh Rebecca Kenney
      Shelagh Rebecca Kenney
      N.C. Bar #28202
      Center for Death Penalty Litigation
      123 West Main Street, Suite 700
      Durham, North Carolina 27701
      Telephone: (919) 956-9545
      Telefax: (919) 956-9547